**E. Roberta ROACH, Administratrix of the Estate of John Hubert Roach, Deceased, Plaintiff,**

v.

**The ESTATE of Merle RAVENSTEIN, Deceased, Defendant.**

**Civ. No. 3–760–W.**

United States District Court,
S. D. Iowa, W. D.
May 6, 1971.

FINDINGS OF FACT, CONCLU-
SIONS OF LAW AND ORDER

HANSON, District Judge.

On March 1, 1971, there came on for hearing before the Court the Plaintiff's Motion for a Consent Judgment, filed herein on December 4, 1970. The Plaintiff Administratrix appeared in person and by her attorney John P. Miller. Resistance to the Motion was filed on September 30, 1970, by American Home Assurance Company, the insurer of the decedent Merle Ravenstein, following submission of a letter request by Plaintiff's counsel for the entry of a Consent Judgment, and an Amended and Supplemental Resistance to the Motion was filed on January 11, 1971. American Home Assurance Company appeared by its attorney John M. Peters. Having heard the evidence, examined the pleadings, and being otherwise fully advised in the premises, the Court finds that it has jurisdiction of the subject matter and the parties.

In disposing of the Plaintiff's Motion, the Court has carefully examined briefs and proposed findings of fact and conclusions of law submitted by counsel for the respective parties in the above entitled cause. There is little, if any, dispute between the parties as it relates to findings of fact. The only controversy is as to the conclusions of law which is to be expected. After due consideration of all the submitted matter, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The Plaintiff's Petition was filed on January 22, 1968. Prior to the filing of the Petition, Plaintiff's counsel contacted John P. Churchman, and requested that he serve as Administrator of the Estate of Merle Ravenstein, the Defendant herein. In furtherance of this request, counsel for the Plaintiff prepared a Petition for the appointment of the Administrator, and secured the execution of same by the Plaintiff Administratrix. The Petition was filed in

J. Patrick Green and John P. Miller, Omaha, Neb., David McCann, Council Bluffs, Iowa, for plaintiff.

John P. Churchman, Council Bluffs, Iowa, for defendant.

John M. Peters, Council Bluffs, Iowa, for American Home Assurance Co.

the District Court of Iowa in and for Pottawattamie County, at Council Bluffs on November 30, 1967, being docketed as Probate No. 19110. On the same date an Oath of Office was filed on behalf of the Administrator and an Order was entered effecting his appointment as Administrator. The only other documents on file in the estate proceeding consist of a copy of the Administrator's Letters of Appointment, a copy of the Summons in this cause of action, reflecting service upon the Administrator on February 6, 1968, and the Proof of Publication of the notice of the appointment of the Administrator and the Notice to Creditors.

2. The Administrator of the Defendant estate has filed no inventory in the estate, and there are no assets known to the Administrator which would be the subject of administration in the estate proceeding, or which would be subject to any judgment rendered in favor of the Plaintiff and against the Defendant estate in this proceeding.

3. The understanding of the Administrator of the Defendant estate, with counsel for the Plaintiff, is that the Administrator will be compensated for his services out of any assets that pass through the estate, in connection with this action, and as a result of any judgment entered in favor of the Plaintiff and against the Defendant estate in this proceeding.

4. After being served with Summons in this case, the Administrator of the Defendant estate advised the widow of the Decedent, Merle Ravenstein, that she should take the copy of the Summons and Complaint to John M. Peters, the attorney for the insurer, who would be handling the case on behalf of the Defendant.

5. On February 26, 1968 the insurer, American Home Assurance Company filed a Declaratory Judgment action in this Court seeking a determination as to the coverage of its policy and its obligation to defend the Defendant estate in this cause of action, which Declaratory Judgment action was docketed as Civil No. 3–769–W. On the same date the Administrator of the Defendant estate filed a Motion for a Stay of this proceeding, which was granted by this Court on March 12, 1968.

6. Thereafter, the Administrator of the Defendant estate was contacted by counsel for the Plaintiff who furnished the Administrator with legal advice and citations, following which the Administrator on April 25, 1968 filed a Motion to Vacate the Stay Order.

7. On July 23, 1968 this Court entered an Order vacating the Stay Order in view of the pendence of the Hearing in the Declaratory Judgment action, which hearing was held on September 12, 1968.

8. Prior to the hearing the insurer communicated with the Administrator of the Defendant estate relative to the defense of this cause of action under a reservation of rights concerning the possible policy defenses. On September 6, 1968 the Administrator of the Defendant estate advised the attorney for the insurer that he would not execute the reservation of rights agreement and requested that the insurer defend this cause of action.

9. Prior to the entry of Declaratory Judgment, the Plaintiff filed its Motion for a Default which was resisted by the insurer, and the insurer filed its Application for Leave to defend this cause of action, subject to a reservation of rights. No resistance to the Application was filed by the Administrator of the Defendant estate. The Application was granted by this Court, following entry of this Court of a Declaratory Judgment determining that the policy of insurance did not provide coverage as to Plaintiff's cause of action.

10. The Plaintiff appealed from the Declaratory Judgment and from the Order of the Court in this proceeding granting the insurer leave to defend, subject to a reservation of rights, and counsel for the Plaintiff also appealed from the Declaratory Judgment and from the Order granting the insurer

leave to defend, on behalf of the Defendant estate. It is conceded that all notices and other documents, incident to the appeals on behalf of the Defendant estate were prepared by counsel for the Plaintiff, and costs relative to the appeals of the Defendant estate were paid by counsel for the Plaintiff or reimbursed to the administrator of the Defendant estate, in connection with the appeal.

11. Prior to the initiation of the appeals, an Answer was filed by the insurer on behalf of the Defendant estate, subject to reservation of rights, and the Plaintiff filed extensive interrogatories, which were answered, in behalf of the Defendant estate by the attorney for the insurer, and interrogatories were directed to the Plaintiff, together with requests for admissions, on behalf of the Defendant estate, by the attorney for the insurer, to which no response has been made by the Plaintiff.

12. On February 3, 1970, while the appeals were pending, and approximately four months after the filing of the interrogatories and requests for admissions, directed to the Plaintiff, on behalf of the Defendant estate, counsel for the Plaintiff went to the office of the Administrator of the Defendant estate with the prepared Agreement which is attached to the Plaintiff's Motion for a Consent Judgment. The Agreement was signed by the Administrator of the Defendant estate, at that time, as requested by counsel for the Plaintiff. The Agreement provides that the Plaintiff will seek satisfaction of the Judgment therein provided only from the rights of the Defendant estate in and to the insurance policy, and assigns to the Plaintiff all rights of the Defendant estate in and to the insurance policy, and all rights of the Defendant estate, under said policy, against American Home Assurance Company, alleging failure of the said company to defend this cause of action.

13. The Administrator of the Defendant estate admits that at no time has he made any investigation or inquiry to determine the merits of the Plaintiff's claim or of the controversy between the Plaintiff and the Defendant estate. He further admits that at no time has he consulted with or advised the heirs of the Defendant estate or the widow of the Decedent Merle Ravenstein, nor any one else concerning the Agreement of February 3, 1970, submitted by Plaintiff's counsel and executed by the Administrator. Further, he has had no communication with the Court in the Probate Proceeding of the Defendant's estate concerning said Agreement or his execution of the same. He also admits that he at no time has undertaken to assert any defense to the Plaintiff's cause of action, on behalf of the Defendant estate, or to secure counsel for such purpose, and that he at no time has advised the insurer that he was dissatisfied with the defense asserted by the insurer on behalf of the Defendant estate, or that he did not wish the insurer to proceed with the defense of said estate, and that he is satisfied with the defense that has been asserted by the insurer on behalf of the Defendant estate.

14. The Defendant Administrator further concedes that, at no time, has he sought the advice of independent counsel concerning his actions in connection with this proceeding or with the Declaratory Judgment action, and that he has relied upon the advice, and consented to the requests of Plaintiff's counsel relative to the procedures which he should follow and the actions which he should take in this proceeding, including the execution of the Agreement of February 3, 1970.

15. In statements to the Court Plaintiff's counsel frankly admits the giving of advice to the Administrator of the Defendant estate for the purpose of directing his actions, and in connection therewith asserts the right to do so on the basis of what the Plaintiff contends is the established law.

16. The Administrator of the Defendant estate expresses no opposition to the defense of this action by the insurer, and no contention is made by him that

the insurer is banned from defending this action. His actions, including his execution of the Agreement of February 3, 1970 have been controlled by counsel for the Plaintiff, and he does not assert nor contend that the agreement of February 3, 1970 should be enforced.

17. The Agreement of February 3, 1970, between the Plaintiff and the Administrator of the Defendant estate was for the benefit of the Plaintiff, and not for the benefit of the Defendant estate.

18. American Home Assurance Company has at all times asserted its willingness to defend this cause of action on behalf of the Defendant estate, subject to determination of its liability to do so under the policy of insurance, and it has at no time abandoned the defense of this proceeding, on behalf of the Defendant estate.

19. The Administrator of the Defendant estate has acquiesced in the defense of the Defendant estate by the insurer, and the Plaintiff, by the filing of interrogatories, after answer filed by the insurer, on behalf of the Defendant estate, and subsequent to the Declaratory Judgment entered by this Court, has treated the insurer as asserting a defense on behalf of the Defendant estate, since there was no defense being offered by anyone other than the insurer.

20. The appeal instituted by the Plaintiff and on behalf of the Defendant estate from the Order of this Court authorizing the insurer to defend on behalf of the Defendant estate was dismissed, and the obligation of the insurer to proceed with the defense of the Defendant estate in this proceeding was confirmed by the Circuit Court. Roach v. Churchman, 431 F.2d 849 (8th Cir. 1970).

21. The only objection to the defense of this action by the insurer is that of the Plaintiff.

22. The plain purpose of the Agreement of February 3, 1970 was to relieve the Plaintiff from the burden of proving its claim and establishing the liability of the Defendant estate and to prevent a defense by the insurer. The agreement was not made in good faith.

## CONCLUSIONS OF LAW

It is apparent to the Court that the controversy in this proceeding is between the Plaintiff and the insurer, American Home Assurance Company. The Administrator of the Defendant estate expresses no concern or interest in the outcome of the controversy. Under Iowa law an Administrator is " * * * any person appointed by the court to administer an intestate estate." Section 633.3(1), 1971 Code of Iowa. The claim of the Plaintiff against the estate of the Defendant is a contingent claim. The Iowa law provides that no claimant shall be entitled to compel payment of his claim unless the claim has been duly filed and allowed. Section 633.429, Iowa Code 1971. It also provides that, upon approval by the Court, an Agreement between the personal representative of an estate and a creditor of the estate, as to the present net worth of a contingent claim, may be allowed. Section 633.424, Iowa Code 1971. The Administrator of the Defendant estate did not seek or secure any Order of the Probate Court approving or allowing the Plaintiff's claim as a contingent claim in the estate of the Defendant. The Iowa Court has held that an Administrator is a trustee acting in a fiduciary relation between creditors of the estate and the distributees of the estate. In such capacity it is his duty to act impartially and to resist any wrongful or unenforceable claims against the estate. In re Smith's Estate, 240 Iowa 499, 36 N.W.2d 815, 826 (1949). No determination was made by the Administrator of the Defendant's estate concerning the enforceability of the claim of the Plaintiff. Further, there are no assets of the Defendant estate which could be subjected to the Plaintiff's claim, except to the extent of any coverage provided by the insurance policy. It now having been determined that the insurance policy provides coverage to the Defendant estate, as to the claim of the Plaintiff, the only

question for determination of the Court is whether the Plaintiff can avoid the necessity for proving its claim against the Defendant estate by entering into a sub-rosa agreement with the Administrator of the Defendant estate providing for a substantial judgment against the estate, but further providing that the Plaintiff would only seek to collect said judgment out of the proceeds of the insurance policy, if any.

The Plaintiff contends, in substance, that the insurer is bound by the Agreement between the Plaintiff and the Administrator of the Defendant estate, and is precluded from defending against the plaintiff's claim, on behalf of the Defendant estate, for the reason that, the insurer in asserting a defense on behalf of the Defendant estate, reserved the right to assert its policy defenses, and instituted a Declaratory Judgment action for the express purpose of determining its policy defenses. It is also contended by the Plaintiff that an insurer cannot defend under a reservation of rights, if the insured refuses to consent to a defense under a reservation of rights. In this respect, it must be recognized that the insured, Merle Ravenstein, being deceased, could neither consent nor refuse to consent to a defense against the Plaintiff's claim under a reservation of rights. The Administrator of the Defendant estate was not sued personally by the Plaintiff and would be subject to no judgment, in favor of the Plaintiff, irrespective of any action which he took insofar as a defense of the Defendant estate by the insurer was concerned.

In support of this position the Plaintiff cites numerous cases in which the insurer refused to defend, or withdrew from or abandoned the defense of the insured. Thus, in Fullerton v. United States Casualty Company, 184 Iowa 219, 167 N.W. 700 (1918), the Iowa Court stated that the insurer could not undertake to defend the claim against its insured and then abandon the defense while the action was still pending. Likewise, in the case of Jones v. Southern Surety Company, 210 Iowa 61, 230 N.W. 381, 386 (1930), the Iowa Court pointed out that the insurer did not make a defense or offer to defend its insured against any of the claims against its insured, and flatly denied that there was any obligation to defend or any liability under the terms of the insurance policy. Also in the case of Hully v. Aluminum Company of America, 143 F.Supp. 508 (S.D.Iowa 1956), the insurer made no offer to defend subject to any reservation of rights, and no question of reservation of rights was involved. In the instant case the insurer has never refused to defend, has not withdrawn from the defense, and at no time has asserted an unwillingness to defend. Its only contention has been that, until a determination was made, concerning the coverage of the policy of insurance, such defense would be made subject to the final determination of the coverage question. Further, it sought and received permission, by order of this Court to assert the defense on behalf of the Defendant estate, subject to such a reservation of rights. No case is cited to the Court by the Plaintiff in which the insurer secured an Order permitting the insured to defend, subject to a reservation of rights, nor is any authority cited to the effect that the Court is without authority to enter such an Order, where all of the parties are before the Court. Further, the appeal of the Plaintiff, and the appeal taken by the Plaintiff on behalf of the Defendant estate and its Administrator, from the Order of the Court has been denied and the obligation of the insurer to present the defense on behalf of the Defendant estate has been established. Roach v. Churchman, *supra*.

██ Further, it is the established law of Iowa that the Plaintiff would, in no event, be a necessary party to a nonwaiver agreement between the insurer and the insured, and that the Plaintiff has no rights under a policy of insurance until a judgment is entered against the insured, nor until a judgment against the insured is returned un-

satisfied. McCann v. Iowa Mutual Liability Insurance Company, 231 Iowa 509, 1 N.W.2d 682, 689 (1942). In that case the Plaintiff contended that the insurer, by undertaking the defense of its insured, after giving notice of nonwaiver, and entering into a nonwaiver agreement, was estopped from setting up its policy defenses against the Plaintiff's judgment. The opinion recites:

> We have not undertaken to review all the cases cited by the plaintiff, but have read the same and do not find anything therein which would tend to cause our conclusion to be other than it is, that, by appearing and assuming the expenses of the trial, after due notice of nonliability, there was no waiver or estoppel on the part of the company. 1 N.W.2d 690.

■■ In view of the Iowa Court's pronouncement that the rights of a claimant can rise no higher than those of the insured defendant, as to the policy of insurance, and that the Plaintiff would have no rights under the policy until entry of judgment against the insured, and until such judgment was returned unsatisfied, it must be noted that, by the agreement of February 2, 1970, the Plaintiff has made it impossible to effect the satisfaction of any judgment out of any assets of the insured estate. The Agreement provides that the Plaintiff will seek satisfaction of any judgment only against the proceeds of the insurance policy. Therefore, the Plaintiff is precluded from seeking satisfaction of any judgment against the Defendant estate. The right to maintain an action for damages does not arise from the existence of insurance coverage, and the Iowa Code, Section 516.1 is perfectly clear that the Plaintiff would have no cause of action in the absence of judgment against the insured, which remains unsatisfied after execution. See O'Kelley v. Lochner, 259 Iowa 710, 145 N.W.2d 626, 631 (1966). Agreements between the insured and the claimant, which attempt to predicate a judgment solely upon the existence of insurance coverage, and which, by implication seek to avoid statutory conditions precedent, are contrary to public policy. The Plaintiff has the burden of establishing its claim and the liability of the Defendant estate. The ends of justice will not be served if a Plaintiff can avoid that burden by inducing the fiduciary of a deceased defendant to execute an Agreement which avoids that burden and is designed to preclude a defense on the issues.

The Plaintiff also contends that, if an insured refuses to execute an Agreement permitting the insurer to defend, subject to a reservation of rights, the insurer must then defend the insured unconditionally, and waive its policy defenses, or the insured has the right to undertake the defense of the action and make a good faith settlement with the Plaintiff-Claimant. In support of its position, the Plaintiff places primary reliance upon the case of Hawkeye Casualty Company v. Stoker, 154 Neb. 466, 48 N.W.2d 623 (1951). In that case the insurer undertook the defense of the claim against its insured under a reservation of rights agreement. Thereafter, the insurer instituted a declaratory judgment proceeding, seeking a determination as to its liability under the policy. The insured then discharged the insurer's attorneys and employed other attorneys. Subsequently judgments were entered on behalf of the claimants and against the insured, in which it was recited that a jury was waived and judgment entered on trial to the court. The decision notes that the judgments were apparently entered pursuant to agreement among the attorneys representing the parties and with the consent of the insured. The Nebraska Court concluded that, by instituting the declaratory judgment action the insured created a conflict of interest between itself and the insured. The Court further concluded that such conflict entitled the insured to employ other counsel and to make a good faith settlement of the plaintiff's claim, in order to avoid the risk and hazard of a large judgment. In the instant case, as previously noted, the insurer made ap-

plication to the court in this proceeding for authorization to proceed with the defense, subject to its reservation of rights. No resistance to the application was filed by the Administrator of the Defendant estate. Further, the Administrator at no time discharged the attorney for the insurer, and, in fact at all times has urged the insurance company to defend against the Plaintiff's claim. He has made no objection to the defense asserted on behalf of the estate by the attorney for the insurer and has made no effort to secure the services of other counsel. He makes no claim that the Defendant estate has in any way been prejudiced by the actions of the insured in asserting a defense on behalf of the Defendant estate and against the Plaintiff's action. In effecting the agreement of February 3, 1970 he received no advice or counsel from any person other than counsel for the Plaintiff. There was no negotiation leading toward any settlement figure and not even a pretense of any trial. The agreement had been drawn by Plaintiff's counsel, with a judgment figure of $100,000.00, and was presented to the Defendant Administrator for signature. It is not otherwise contended by the Plaintiff or by the Administrator of the Defendant estate. It is clear to the Court that the execution of the Agreement by the Administrator of the Defendant's estate was controlled by counsel for the Plaintiff, and does not demonstrate a good faith settlement, within the meaning of that language, as used in the *Stoker* case, *supra.*

If a conflict of interest is created between an insurer and its insured, when the insurer undertakes to perform its policy obligations by defending an action against its insured, and at the same time seeking a declaration concerning its contractual obligation to the insured, an even clearer conflict is manifested when counsel for the Plaintiff, whose interests are directly opposed to those of the insured undertakes to furnish advice and counsel to the Administrator of the insured estate, and secures the signature of the Administrator on a judgment agreement conceived and drafted by Plaintiff's counsel.

The ends of justice are served when the rights of all parties are protected. It would be paradoxical to say that an insurer cannot defend its insured, and at the same time seek a declaration concerning its obligation to do so under the contract of insurance, and at the same time to say that counsel for the Plaintiff can represent the Plaintiff and at the same time undertake to represent the insured, in connection with questions of policy coverage and the assertion of a defense by the insured against the Plaintiff's claim.

In determining the question of conflict of interest, as between the insurer and its insured, this Court also reasons that an insurer, in undertaking to defend its insured, where a policy dispute exists, will assert a good faith defense on behalf of its insured. The reason is obvious. The liability under its policy is uncertain, and if it does not make every effort to defeat the claim of the Plaintiff, any judgment which the Plaintiff secures will be payable by the insurer, if it is subsequently determined, as here, that the coverage of the policy applies to the judgment. The Plaintiff certainly has no right to determine whether or not a defense shall be asserted on behalf of the defendant estate, and Plaintiff does not argue or submit authority to the contrary. Plaintiff also concedes in its argument that, if the insurer defends its insured, without preserving its policy defenses, the insurer waives its policy defenses and is thereafter estopped to raise those defenses, after judgment is entered. However, if the insurer asserts its policy defenses, the Plaintiff contends that the insurer must forego any defense of its insured and be bound by any settlement which the assured chooses to make with the Plaintiff. Such a rule would be manifestly unfair and unjust.

No corresponding burden of risk is placed upon the insured. If there is in fact no policy coverage neither the in-

sured nor the Plaintiff are entitled to any recovery under the policy. If the insured is in fact liable to the Plaintiff, it is reasonable to assume that a judgment will ultimately be rendered against him. In other words the matter of the insured's liability to the Plaintiff is not dependent upon the question of whether he does or does not have any insurance coverage. Yet, the Plaintiff contends that the insured, by the simple expedient of refusing to permit the insurer to defend, pending a determination of the coverage of the insurance policy, can compel the insurer to defend, without reserving its policy defenses, thereby compelling the insurer to provide coverage under the policy, even though it believes that none exists. The alternative is for the insurer to assume the risk of having to pay any judgment which the insured may permit the Plaintiff to secure, or any consent judgment predicated upon a settlement which the insured elects to make with the Plaintiff.

 While the facts in the *Stoker* case, *supra*, have been distinguished, it should be noted that the Nebraska Court concluded that since the insurer filed its declaratory judgment action prior to final disposition of the action against its insured, its denial of liability, as asserted in the declaratory judgment action, entitled the insured to consider that the insurer had repudiated its liability. Inferentially, it may be concluded that if the insurer had waited until after the damage action against its insured had been concluded, the insurer would have been entitled to proceed with its defense of the insured. In this connection it is well established that an insurer is entitled to institute a declaratory judgment action for the purpose of determining its liability under any policy of insurance, and should not be compelled to participate in the defense of its insurer, if it has no liability to do so under the insurance policy. *See* 28 U.S.C.A. Section 2201; American States Ins. Co. v. D'Atri, 375 F.2d 761 (6th Cir. 1967); American Motorists Ins. Co. v. Mack, 248

F.Supp. 1016 (E.D.Pa.1965); Hartford Accident and Indemnity Co. v. O'Connor-Regen Wether Post, 247 Iowa, 168, 73 N.W.2d 12 (1955). If it has the right to seek a determination of its liability, it certainly should not be penalized for exercising that right. The Administrator of the Defendant estate does not make any contention that the Defendant estate has in any way been prejudiced by the actions of the insurer. There is authority for the proposition that a liability insurer's defense of an action against the insured, even in the absence of a reservation of rights, will not estop the insured from raising policy defenses unless it be shown that prejudice resulted from the insurer's conduct in defending the action. See discussion in 45 C.J.S. Insurance § 714 at 689; 38 A.L.R.2d 1148, 1157, Section 5(a). There is also ample authority for the proposition that a nonwaiver notice to the insured is sufficient, even though the insurer does not consent to the nonwaiver. *See* 38 A.L.R.2d 1148, 1175, Section 9. Certainly, if the insured does not claim any prejudice, the claimant has no standing to do so since, as stated by the Iowa Court in the *McCann* case, *supra*, the plaintiff has no rights or claims against the insurance company greater than those of the insured. This is in accord with the weight of authority, as set forth in 38 A.L.R.2d 1148, 1177–78, Section 10.

 It is apparent to the Court that the compelling purpose of the Agreement of February 3, 1970, which is the basis for the Plaintiff's Motion, is to enable the plaintiff to secure judgment without the necessity of proving its cause of action against the Defendant estate. A further purpose was to deprive the insurer of its right to present evidence in furtherance of the defense asserted on behalf of the Defendant estate. For the plaintiff to say that the Administrator of the Defendant estate was entitled to control the defense because he had not consented to a defense by the insurer, subject to its reservation of rights, is meaningless. The Administrator made

no effort to control the defense and, in fact, at all times has tendered the defense to the insurer. It is apparent that from the outset any recovery by the Plaintiff would be dependent upon the coverage of the insurance policy. The Defendant estate has no assets and a judgment against the estate, in the absence of insurance coverage, would be worthless. The Plaintiff purports to relinquish its right to collect any judgment out of the estate assets as consideration for the Administrator's agreement to the entry of judgment and assignment of all of the estate's rights under the policy. Since the estate had no assets, which would have been subject to the Plaintiff's judgment, the Plaintiff surrendered nothing by agreeing not to collect its judgment out of the assets of the estate. If it be assumed arguendo that the Administrator had some right to control the defense, it certainly cannot be argued with any force of law or logic that he could assign that right to the Plaintiff so that the Plaintiff could then control the defense against its own claim. The Administrator of the defendant estate was without authority to enter into the agreement, the agreement is unconscionable and void for lack of consideration. It was not entered into in good faith. The agreement was controlled by Plaintiff's counsel. Fair dealing and justice will not permit it to stand.

Based upon the foregoing conclusions and for all of the reasons as stated, the Plaintiff's Motion for a Consent Judgment must be denied.

It is, therefore, hereby ordered that the Plaintiff's Motion for Consent Judgment be and the same is hereby overruled and judgment shall be rendered accordingly.

It is further ordered that the above shall constitute the Findings of Fact and Conclusions of Law in support of the Order as provided by Federal Rule of Civil Procedure 52(a).