RICKY GLENN HUFFMAN v. PEERLESS INSURANCE COMPANY

No. 7318SC4

(Filed 17 January 1973)

Insurance § 109— automobile liability insurance — consent judgment in action against insured and his son — no legal obligation to pay

A father and son were not "legally obligated" to pay damages to plaintiff within the meaning of an automobile liability policy issued to the father where a consent judgment was entered in plaintiff's action against the father and son which dismissed with prejudice the action against the father, provided that plaintiff shall recover $20,000 against the son, and further provided that the judgment shall not be a lien upon any of the son's property, shall not be the basis for execution against the son's property and shall be marked satisfied in full after the collection of all insurance proceeds available to the son for the accident in question.

Judge VAUGHN concurs in the result.

APPEAL by plaintiff from *Exum, Judge,* 22 May 1972 Session of Superior Court held in GUILFORD County.

This is a civil action wherein plaintiff, Ricky Glenn Huffman, seeks to recover on a policy of automobile liability insurance issued by defendant, Peerless Insurance Company. The following facts are uncontroverted:

On or about 14 September 1968, defendant issued a policy of automobile liability insurance to John Daniel Johnson (named insured) insuring a 1965 Ford automobile. On 5 October 1969, plaintiff was a passenger in the 1965 Ford automobile which was being operated with the knowledge and consent of the named insured by his son, Roby Daniel Johnson, a member of the household of the named insured. Said automobile was involved in an accident in which plaintiff suffered personal injuries. On 12 November 1970, plaintiff instituted suit against Roby Daniel Johnson and John Daniel Johnson to recover dam-

ages for personal injuries sustained in the accident. For reasons not material to the decision in this case, the defendant, Peerless Insurance Company, denied coverage and refused to defend the action in behalf of Roby Daniel Johnson and John Daniel Johnson. On 24 November 1971 a consent judgment was entered in the Superior Court held in Guilford County providing, among other things, that plaintiff have and recover of the defendant, Roby Daniel Johnson, the sum of $20,000. Pursuant to said judgment, plaintiff has recovered $10,000. Defendant denied liability on the policy and moved, pursuant to G.S. 1A-1, Rule 56 of the North Carolina Rules of Civil Procedure, for summary judgment. On 31 May 1972, the trial court allowed defendant's motion for summary judgment.

From summary judgment in favor of defendant, plaintiff appealed.

*Edwards, Greeson & Toumaras by Harold F. Greeson for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill by William L. Stocks for defendant appellee.*

HEDRICK, Judge.

The policy of automobile liability insurance issued by defendant to John Daniel Johnson obligates the insurer "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . ." By the terms of the policy, insured persons include "the named insured and any resident of the same household . . . ." Thus, the critical question raised by this appeal is whether John Daniel Johnson or Roby Daniel Johnson were "legally obligated" to pay damages to the plaintiff pursuant to the consent judgment entered on 24 November 1971.

With respect to John Daniel Johnson, the consent judgment provides:

"Now, THEREFORE, by and with the consent of the parties, IT IS ORDERED, ADJUDGED AND DECREED that this action shall be and the same is hereby dismissed with prejudice as to the defendant John Daniel Johnson . . . ."

As to Roby Daniel Johnson, the consent judgment provides:

"[T]hat the plaintiffs shall have and recover of the defendant Roby Daniel Johnson the sum of $20,000.00, but this

judgment shall not be a lien upon any property owned or
to be owned in the future by the defendant Roby Daniel
Johnson, and this judgment shall not be the basis upon
which execution can issue against any property of the de-
fendant Roby Daniel Johnson, at present or in the future
. . . ."

Additionally, the consent judgment provides "that the plaintiffs
shall mark this judgment 'Satisfied in full as to principal, in-
terest and costs' after collecting all of the insurance proceeds
available to the defendant Roby Daniel Johnson for the accident
giving rise to this action . . . ." Obviously, under the terms of
the consent judgment, John Daniel Johnson and Roby Daniel
Johnson were not legally obligated to pay damages to plaintiff.
The case of *Coblentz v. American Surety Company of New York,*
416 F. 2d 1059 (5th Cir. 1969) cited and relied upon by appellant
is not controlling in this jurisdiction.

Summary judgment for the defendant insurer is

**Affirmed.**

Judge GRAHAM **concurs.**

Judge VAUGHN **concurs in the result.**