Wardell **LOSSER**, Plaintiff,

v.

**ATLANTA INTERNATIONAL INSURANCE COMPANY**, Defendant.

Civ. No. C84–792G.

United States District Court, D. Utah, C.D.

Aug. 7, 1985.

Wallace R. Lauchnor, Salt Lake City, Utah, for plaintiff.

Raymond M. Berry, Salt Lake City, Utah, for defendant.

## MEMORANDUM DECISION AND ORDER

J. THOMAS GREENE, District Judge.

This matter came on regularly for hearing on cross motions for summary judgment on June 17, 1985. Plaintiff was represented by Wallace R. Lauchnor and defendant was represented by Raymond M. Berry. Both parties had submitted extensive memorandums of law to the Court. Counsel presented oral argument and the matter was taken under advisement.

After due consideration, and the Court being fully advised, we find that there are no material facts in dispute, and that the case is properly determinable by summary judgment.

This case involves interpretation of an insurance policy issued by the defendant Atlanta International Insurance Company (hereinafter "Atlanta") to American Strevell, Inc. (hereinafter "American Strevell"). The operative language of the policy in question is contained in Endorsement No. 5 which provides:

The sum of One Hundred Thousand ($100,000.00) Dollars, per occurrence, shall be deducted from the total amount of all sums which the Insured shall become *legally obligated to pay* as damages to one or more persons or organizations as a result of an occurrence, and the Company shall be liable only for the difference between such deductible and the total amount of all damages for each occurrence subject to the Company's limit of liability as stated elsewhere in the policy.

(Emphasis added)

The narrow question presented is whether the insured, American Strevell, was "legally obligated to pay" or liable in damages for more than the deductible amount of the insurance policy. If the answer to that question is "no," the insurer, Atlanta, would have no liability under the policy.

On February 8, 1978, the plaintiff Wardell Losser (hereinafter "Losser") was injured at the loading dock of American Strevell, when a forklift operated by an American Strevell employee crushed his foot and ankle. The insurance policy between Atlanta and American Strevell was in full force and effect when Losser was injured. Plaintiff timely filed a personal injury action against American Strevell in state court. Before that case was resolved, however, American Strevell filed for Chapter 11 bankruptcy, staying Losser's personal injury suit. In September 1983 the Bankruptcy Court lifted the Stay on Losser's claim and the matter was remanded to the Third District Court for Salt Lake County. American Strevell advised Atlanta of the pending claim, but Atlanta declined to defend or participate in defense of American Strevell. Thereafter, counsel for American Strevell and Losser entered into negotiations for settlement of Losser's claim. Notice of the negotiations was given to Atlanta, but Atlanta still declined to participate, and at all times thereafter declined to participate in the settlement process. American Strevell and Losser entered into a Settlement Agreement dated June 6, 1984, which provided:

1. The parties hereby agree to stipulate to the entry of a judgment in favor of the plaintiff and against the defendant in the sum of $200,000.00, which judgment shall include all costs.

2. Losser does hereby agree that he shall not directly execute on said judgment as against American, in an amount in excess of the amount of the judgment above referenced for which American would have paid its "deductible" under the policy of insurance referenced herein, and Losser shall pursue recovery of the balance of the judgment from the insurance company pursuant to the assignment of rights contained herein.

American Strevell assigned to plaintiff whatever rights it might have against Atlanta, the Bankruptcy Court approved the Settlement Agreement, and the state court entered judgment against American Stevell accordingly. Losser then brought this action to collect $100,000.00 from Atlanta, which represented the amount of the Judgment taken pursuant to the Settlement Agreement after first subtracting the $100,000.00 deductible as called for under the insurance policy.

■ Defendant contends that American Strevell never became legally obligated to pay Losser the amounts claimed in this litigation because the Settlement Agreement in essence provided that Losser was entitled to no more than $25,000.00 from American Strevell, which was the 25% figure fixed by the Bankruptcy Court as to claims payable by American Strevell in the Chapter 11 proceedings. It is urged that American Strevell was never obligated to pay even the $100,000.00 deductible amount, but that even if the $25,000.00 payment by American Strevell to Losser somehow satisfied the deductible, American Strevell certainly never became obligated to pay more than the deductible amount. It is argued that Atlanta therefore should not be liable under the policy because American Strevell was not damaged in that it could never be obligated or required to "pay" any amount above the deductible because of the Settlement Agreement prohibition. The arguments as applied to this case should be rejected. The payment of $25,000.00 by American Strevell was the equivalent of payment of the $100,000.00 deductible since the Bankruptcy Court fixed 25% as the amount payable to discharge claims. Accordingly, it seems likely that the alleged condition precedent of satisfaction of the deductible amount was met. But whether this kind of legal equivalency constitutes "payment" within the meaning of the insurance policy need not be determined, since in Utah an insurer is obligated to pay any excess judgment regardless of whether the insured has fulfilled its obligation under the premium. *Ammerman v. Farmers' Insurance Exchange*, 19 Utah 2d 261, 430 P.2d 576 (1967). Therefore if American Strevell was ever obligated to Losser in any amount at any time in excess of $100,000.00 the fact that American Strevell only paid out $25,000.00 to Losser is irrelevant. We are persuaded that American Strevell became legally obligated at the accident date for whatever liability might be determined thereafter on account of its negligent conduct. The Settlement Agreement did not create, but merely measured and limited that liability. Legal authorities are in general agreement on this point when applied to liability policies, such as the one in question here:

> *It is the date when harm is sustained which is significant in determining whether liability arises*, even though such harm is the consequence of earlier actions or the extent of the harm cannot be determined until some later time.

> \*    \*    \*    \*    \*    \*

As an example of the principle that *liability attaches in terms of the date when harm is sustained, rather than a later date when its consequences are determined or measured*, it has been held that the rights of the parties interested under a policy insuring against liability on account of bodily injury, including death at any time resulting therefrom, attach as of the date of the accident, and not at the date of a death resulting from the injuries received therein. (Emphasis added) *11 Couch on Insurance, 2d,* Page 399, Section 44:256.

■ Defendant next urges that since it was not a party to the Settlement Agreement, the agreement may not be in its best interest, and therefore it should not be bound by its terms. We join with other courts that have reviewed this issue in holding that where, as here, the insurer refuses to defend on a claim against the policy, and the insured enters into a good faith agreement not deemed to be in the best interests of the insurer, the insurer has assumed the risk that it may be bound to the terms of the agreement. In *American Family Mutual Insurance Company v. Kivela,* 408 N.E.2d 805, 813 (Ind.App. 1980), the Indiana Supreme Court held that where an insurance company declined to represent its insured, and the insured entered into an agreement with certain claimants stipulating the amount of damages but holding the insured blameless, "... [the] insurer may not hide behind the 'legally obligated to pay language of the policy after it abandons its insured and the insured settles the claim against him by agreement' ..." *Accord, Coblenty v. American Surety Company of New York,* 416 F.2d 1059 (5th Cir.1969), *State Farm Mutual Automobile Insurance Company v. Paynter,* 122 Ariz. 198, 593 P.2d 948 (1979). Cf. *Huffman v. Peerless Insurance Co.,* 17 N.C.App. 292, 193 S.E.2d 773 (1973). We find no evidence of collusion or bad faith in this case. The agreement is not on its face unconscionable and Atlanta had every opportunity if it so chose to take steps to protect its interests in this matter.

■ Losser also alleged a second cause of action for bad faith denial of his claim, but waived any claim for damages because of such alleged bad faith denial in its submission for summary judgment. Any tortious claim which American Strevell might have had against Atlanta was not assignable and Atlanta owed no duties directly to Losser, so in all events that claim is denied.

Plaintiff's Motion for Summary Judgment as to its First Cause of Action accordingly is granted. Defendant's Motion for Summary Judgment is denied.