LIDA MANUFACTURING COMPANY, INC., AND CIGNA INSURANCE COMPANY (SUC-CESSOR IN INTEREST TO INSURANCE COMPANY OF NORTH AMERICA) v. UNITED STATES FIRE INSURANCE COMPANY (A MEMBER OF THE CRUM AND FORSTER INSURANCE GROUP)

No. 9326SC1291

(Filed 18 October 1994)

Insurance §§ 895, 1300 (NCI4th)— covenant not to execute confession of judgment—lessee not legally obligated to pay damages—no coverage under insurance policies

A settlement agreement between plaintiff and a company which leased knitting machines from plaintiff which contained a covenant not to execute a confession of judgment against the lessee precluded plaintiff from recovering for fire damage to the machines under defendant's general liability and commercial umbrella policies issued to the lessee where those policies provided coverage only if the lessee was "legally obligated to pay" damages.

Am Jur 2d, Insurance §§ 703 et seq., 1871 et seq.

Appeal by plaintiffs from order entered 24 August 1993 in Mecklenburg County Superior Court by Judge C. Walter Allen. Heard in the Court of Appeals 14 September 1994.

LIDA MANUFACTURING CO. v. U.S. FIRE INS. CO.

[116 N.C. App. 592 (1994)]

*Dean & Gibson, by Rodney Dean and Barbara J. Dean, for plaintiff-appellants.*

*Spears, Barnes, Baker, Wainio, Brown & Whaley, by Alexander H. Barnes, for defendant-appellee.*

GREENE, Judge.

Lida Manufacturing Company, Inc. (Lida) and its insurer, CIGNA Insurance Company (CIGNA), successor in interest to Insurance Company of North America, appeal from an order entered 24 August 1993 in Mecklenburg County Superior Court, ordering that Lida and CIGNA (plaintiffs) "have and recover nothing from the [United States Fire Insurance Company (defendant)]."

Lida is a corporation doing business in North Carolina, and Wagner Knitting, Inc. (Wagner) is a corporation in the business of manufacturing textiles at a facility in Lowell, North Carolina. On 3 June 1982 and 1 April 1986, Lida and Wagner entered into agreements for Wagner's lease and purchase of knitting machines from Lida over a period of time. Under the agreements, Wagner agreed to reimburse Lida "for any damage of [sic] destruction of the [knitting machines] arising out of or related to [Wagner]'s negligent act or omission or misuse" of the knitting machines.

On 8 June 1986, a fire occurred on Wagner's premises, damaging the knitting machines described in the contracts and destroying an inventory of yarn Wagner had manufactured for Lida with Lida's materials. At the time of the fire, Wagner had in effect defendant's General Liability Insurance Policy No. 500-428830-6 (general policy) and defendant's Commercial Umbrella Insurance Policy No. 523-419976-8 (umbrella policy). The general policy provides in pertinent part that defendant "will pay on behalf of [Wagner] all sums which [it] shall become legally obligated to pay as damages because of" property damage caused by an occurrence. The policy further states that "[t]his insurance does not apply . . . to liability assumed by the insured under any contract or agreement except an incidental contract," which includes "any oral or written contract or agreement relating to the conduct of the named insured's business." The umbrella policy provides that defendant "will pay on behalf of [Wagner] the ultimate net loss . . . which [Wagner] shall become legally obligated to pay as damages because of bodily injury, property damage or personal injury."

In November 1986, counsel for plaintiffs made demand on Wagner and defendant for payment of Lida's losses resulting from the fire. On 11 December 1986, defendant sent Wagner a letter stating that defendant would not provide a defense and disclaiming coverage for any damages claimed by Lida against Wagner resulting from the fire. On 14 August 1987, Lida instituted a civil action in Mecklenburg County Superior Court against Wagner for negligence and breach of their lease agreement and sought payment for damage to its equipment, machinery, inventory, and for loss of rental income and interruption of Lida's business.

After Lida's action against Wagner had proceeded for some time, Lida and Wagner entered a settlement agreement which provides in pertinent part:

A. At the execution of this Agreement Wagner shall pay the sum of Twenty Five Thousand Dollars ($25,000) to Lida by certified or cashiers check made payable to Cozen and O'Connor, Esquires, as attorneys for Lida.

B. Wagner shall execute a confession of judgment in the amount of $1,000,000 in favor of Lida, to be held by Lida and its counsel and to be filed and enforced upon such terms and conditions as appear in Section IV herein;

C. Wagner agrees to and does hereby assign to Lida all of its rights and entitlement, including the right to sue thereon, possessed by it under and pursuant to the contracts of insurance with [defendant] . . .

. . . .

IV. OTHER TERMS AND CONDITIONS

. . . the Confession of Judgment referred to herein shall be held by Cozen and O'Connor, shall remain unfiled, and shall for no purposes be employed against the interests of Wagner, nor shall any execution issue, regardless of the outcome of any action against [defendant] provided that the terms and conditions of this Agreement are complied with by Wagner.

Subsequent to execution of the settlement agreement, Wagner paid Lida $25,000.00, executed a confession judgment in the amount of $1,000,000.00, and by virtue of the terms of the agreement, assigned its rights under its insurance policies with defendant.

On 26 March 1991, plaintiffs filed this declaratory action and requested the trial court to declare that defendant's denial of coverage under its policies to Wagner was inappropriate and to direct defendant to pay plaintiffs its policy limits in accordance with the policy provisions. By order entered 24 August 1993, the trial court concluded that defendant was not obligated to pay anything to Lida on behalf of Wagner and "did not have an obligation under the terms and conditions of the insurance policies to defend Wagner."

---

The issue presented is whether the settlement agreement, which contains a covenant not to execute a confession judgment against Wagner, precludes plaintiffs from recovering payment under the defendant's general policy and under defendant's umbrella policy which provide coverage only if Wagner is "legally obligated to pay" damages.

Defendant argues that the trial court's determination that defendant is not liable for plaintiffs' loss under the general policy or under the umbrella policy is proper because "Wagner is not legally obligated to pay damages to CIGNA or Lida" under the settlement agreement, and defendant's indemnity obligation under the policies only arises if Wagner is "legally obligated to pay" damages to a third party. We agree.

A defendant insurance company's liability is "derivative in nature"; therefore, its liability depends on whether or not its insured is liable to the plaintiff. *Buchanan v. Buchanan*, 83 N.C. App. 428, 429, 350 S.E.2d 175, 176 (1986), *disc. rev. denied*, 319 N.C. 224, 353 S.E.2d 406 (1987). In determining whether or not an insured is liable where the insurance policy states it will pay if plaintiff is "legally entitled to recover" from the insured, our Supreme Court stated "[t]o be 'legally entitled to recover damages,' a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damage to judgment." *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 293-94, 378 S.E.2d 21, 24 (1989) (*quoting Brown v. Casualty Co.*, 285 N.C. 313, 319, 204 S.E.2d 829, 833 (1974)). Although the language in Wagner's policies is "legally obligated to pay" damages, that phrase is simply another way of saying that, in this case, Lida must have a cause of action against Wagner and "a remedy by which [it] can reduce [its] right to damage to judgment" before defendant is liable to Lida. Therefore, the issue presented by the terms of the settlement agreement in this case is whether Lida "can reduce [its] right to damage to judgment" where Wagner only consented to a judgment in the

amount of $1,000,000.00, and Lida cannot execute this $1,000,000.00 confession of judgment against Wagner.

There is a division among states as to whether an insurer is liable when its insured is protected by an agreement not to execute. Some states allow an injured party to proceed against the insurer even though the insured is protected by a covenant not to execute because such a covenant "is merely a contract, and not a release, such that the underlying tort liability remains and a breach of contract action lies if the injured party seeks to collect his judgment." *Freeman v. Schmidt Real Estate & Ins.*, 755 F.2d 135, 137 (8th Cir. 1985). Under this rationale, the insured is still "legally obligated" to the injured party and the insurer must fulfill "its contractual promise to pay." *Id.* at 137-38 (*citing State Farm Mut. Auto. Ins. Co. v. Paynter*, 593 P.2d 948 (Ariz. Ct. App. 1979); *Globe Indem. Co. v. Blomfield*, 562 P.2d 1372 (Ariz. Ct. App. 1977)). Another rationale behind subjecting an insurer to liability in the face of a covenant not to execute is that an insured and therefore his or her insurer is " 'legally obligated to pay' within the meaning of the policy despite an agreement not to execute when the insured enters into such an agreement to protect himself from the insurer's denial of coverage and refusal to defend under the policy." *Freeman*, 755 F.2d at 138 (citing *Metcalf v. Hartford Accident & Indem. Co.*, 126 N.W.2d 471 (Neb. 1964)). "[S]ome element of misconduct by the insurer generally has been present in the cases in which courts have followed *Metcalf.*" *Freeman*, 755 F.2d at 138 (*citing American Family Mut. Ins. Co. v. Kivela*, 408 N.E.2d 805 (Ind. Ct. App. 1980) (insurer "abandoned" insured when it refused to defend on ground policy had been revoked for false statements on the application); *Griggs v. Bertram*, 443 A.2d 163 (1982) (insurer failed to promptly notify insured that it was denying coverage)). Underlying both these rationales is the recognition that under an opposite conclusion, "settlements such as the one here would no longer serve their intended purpose." *Freeman*, 755 F.2d at 138.

This Court, however, along with other states, has determined that when an insurance policy contains language such as "legally obligated to pay," an insurer has no obligation to an injured party where the insured is protected by a covenant not to execute. *Huffman v. Peerless Ins. Co.*, 17 N.C. App. 292, 294, 193 S.E.2d 773, 774, *cert. denied*, 283 N.C. 257, 195 S.E.2d 689 (1973); *see also Freeman*, 755 F.2d 135; *Stubblefield v. St. Paul Fire & Marine Ins. Co.*, 517 P.2d 262 (Or. 1973); *Bendall v. White*, 511 F. Supp. 793 (N.D. Ala. 1981). Some courts cite as a rationale for this view the danger of collusion

LIDA MANUFACTURING CO. v. U.S. FIRE INS. CO.

[116 N.C. App. 592 (1994)]

between the insured and the injured party to relieve the injured party from the burden of proving its claim, to establish the liability of the insured, and to prevent a defense by the insurer. *Roach v. Estate of Ravenstein*, 326 F. Supp. 830, 834 (S.D. Iowa 1971). The Eighth Circuit noted that "[s]uch collusion . . . would be possible anytime the insured were protected by an agreement not to execute prior to entry of judgment; the insured . . . loses the incentive to contest his liability or the extent of the injured party's damages either in negotiations or at trial." *Freeman*, 755 F.2d at 139; *see generally Gray v. Grain Dealers Mut. Ins. Co.*, 871 F.2d 1128 (D.C. Cir. 1989) (discussing effect of victim's release of insured from satisfying judgment in return for insured's assignment of cause of action against insurer and comparing releases to covenants not to execute).

In this case, Wagner confessed judgment in Lida's lawsuit against Wagner for negligence and breach of contract in the amount of $1,000,000.00; however, Lida agreed that it could not execute this $1,000,000.00 judgment against Wagner. Under *Huffman*, which we are bound to follow, *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (this Court is bound by decisions of other panels of this Court), Lida cannot "reduce [its] right to damage to judgment" because of the covenant not to execute, and Wagner is therefore not "legally obligated to pay" Lida for any damages resulting from the fire based on negligence or breach of contract. As a result, defendant's obligations under the general policy and under the umbrella policy, if any, were extinguished. Although there were several reasons on which the trial court based its decision, we need not address these reasons because we affirm on a basis not used by the trial court. *See Shore v. Brown*, 324 N.C. 427, 428, 378 S.E.2d 778, 779 (1989) (if correct result has been reached, judgment will not be disturbed even though trial court may not have assigned correct reason for the judgment entered). The decision of the trial court is therefore

Affirmed.

Judges JOHNSON and LEWIS concur.