**N.C. FARM BUREAU MUT. INS. CO. v. SMITH**

[227 N.C. App. 288 (2013)]

NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff

v.

PHILLIP E. SMITH, CLAUDE SAVAGE, JR., MARCELLA R. SAVAGE, CHARLOTTE BLAIR SAVAGE, a minor, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendants

No. COA12-1442

Filed 21 May 2013

**1. Compromise and Settlement—execution on judgment precluded—summary judgment**

The trial court correctly granted summary judgment in Farm Bureau's favor in an action involving an automobile accident and a settlement agreement where the settlement agreement precluded the individuals who were injured in the accident from executing on any judgment obtained against the driver who crashed into them.

**2. Compromise and Settlement—settlement language—bar to insurance coverage—settlement payments statute—not applicable**

N.C.G.S. § 1-540.3 did not apply to an automobile accident case where the issue was whether the language in a settlement agreement operated to bar coverage under the Farm Bureau policy as a matter of law rather than whether settlement payments bared further recovery.

**3. Appeal and Error—preservation of issues—contention not supported by authority or explanation of merit—abandoned**

An issue was deemed abandoned where summary judgment had been granted for the insurance company in a declaratory judgment action arising from an automobile crash and the victims did not cite controlling authority in support of their contention or otherwise explain why it had merit.

Appeal by Defendants from order entered 25 April 2012 by Judge H. William Constangy in Gaston County Superior Court. Heard in the Court of Appeals 27 March 2013.

*Caudle & Spears, P.A., by Harold C. Spears and Christopher P. Raab, for Plaintiff.*

*Lewis Law Firm, LLC, by Bryan Sanchez, Esq., for Defendants Claude Savage, Jr., Marcella R. Savage, and Charlotte Blair Savage.*

DILLON, Judge.

Defendants Claude and Marcella Savage, and their minor daughter, Charlotte Savage (collectively, the Savages), appeal from the trial court's order granting summary judgment in favor of North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau). We affirm.

## I. Factual & Procedural Background

On 14 April 2007, Phillip Smith (Phillip) was operating a motor vehicle owned by his then-wife, Samantha Smith (Samantha), and insured by Allstate Insurance Company (Allstate), near Clover, South Carolina, when the vehicle crashed into a second vehicle occupied by the Savages. Claude and Marcella Savage each brought an action against both Phillip and Samantha in the Court of Common Pleas of York County, South Carolina, on 15 July 2008 and 17 February 2010, respectively, seeking to recover for bodily injuries sustained as a result of the accident. In their lawsuits, Claude and Marcella Savage alleged that Phillip resided with his parents in Gaston County, North Carolina, at the time of the accident and that he was, therefore, covered as an insured under a Farm Bureau automobile insurance policy held by his father, Michael Smith.

On 7 October 2008, Marcella Savage entered into an agreement with Allstate, Phillip, and Samantha entitled "Release, Covenant Not To Execute and Settlement Agreement[,]" which provides, in part, as follows:

> Marcella Savage, in consideration of the sum of [$50,000.00] . . . specifically agrees and covenants never to attempt to collect any sum from [Phillip Smith] except to the extent allowed herein and agrees and covenants never to seek to execute except to the extent allowed herein any judgment obtained against [Phillip Smith] and will not seek to collect any such judgment out of the personal or real assets of [Phillip Smith] . . . ."

On 9 December 2009, Claude Savage entered into a similar agreement entitled "Covenant Not To Execute and Policy Release[,]" which provides, in part, as follows:

> [Claude Savage] does hereby promise and covenant . . . not to execute against Phillip Smith . . . on any judgment that may be obtained by [Claude Savage] on account of any and all claims . . . resulting or to result from the . . . automobile accident. . . . [F]urthermore, [Claude Savage]

N.C. FARM BUREAU MUT. INS. CO. v. SMITH

[227 N.C. App. 288 (2013)]

> does further covenant and promise that if he should attain a judgment against [] Phillip Smith . . . he will not execute on any judgment against Phillip Smith . . . .

Also on 9 December 2009, Marcella and Claude Savage executed an additional agreement with Allstate, Phillip, and Samantha on behalf of Charlotte Savage, which sets forth the same pertinent language as that set forth in Claude Savage's settlement agreement.

On 25 May 2011, Farm Bureau filed a complaint in Gaston County Superior Court seeking a declaratory judgment that it would not be held liable under Michael Smith's policy for any damages incurred by the Savages in connection with the 14 April 2007 accident. Farm Bureau also moved for summary judgment, arguing (1) that Phillip was not a resident of his parents' house at the time of the accident and, therefore, he was not covered under the Farm Bureau policy; (2) that even if Phillip was covered under the Farm Bureau policy, coverage was barred in this case because the settlement agreements executed by the Savages included covenants not to execute in favor of Phillip (hereinafter, the Covenants); and (3) that even if Phillip was covered under the Farm Bureau policy, Phillip's failure to timely notify Farm Bureau of the accident had materially prejudiced Farm Bureau, thereby absolving it of any liability. By order entered 25 April 2012, the trial court granted summary judgment in Farm Bureau's favor. The summary judgment order includes the following determinations:

> A. The Release/Covenants executed and delivered by [the Savages] bar their claims for coverage under [the policy] issued by [Farm Bureau] to its named insured, [Michael Smith].
>
> B. Defendant [Phillip] failed to carry his burden of showing that he acted in good faith with respect to his delay in notifying [Farm Bureau] of the Savage[s] claims.
>
> C. [Farm Bureau] has been prejudiced by the late notice.

The summary judgment order further provides that each of the foregoing determinations "is independent of the others and bars coverage under [the Farm Bureau] Policy as it relates to the claims asserted by the Savage[s]." From this order, the Savages appeal.

## II. Analysis

**[1]** A motion for summary judgment is appropriately granted where "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A–1, Rule 56(c) (2011). We review the trial court's order granting summary judgment *de novo. Foster v. Crandell,* 181 N.C. App. 152, 164, 638 S.E.2d 526, 535 (2007).

"A defendant insurance company's liability is 'derivative in nature'; therefore, its liability depends on whether or not its insured is liable to the plaintiff." *Lida Mfg. Co., Inc. v. U.S. Fire Ins. Co.,* 116 N.C. App. 592, 595, 448 S.E.2d 854, 856 (1994) (citation omitted). "To be 'legally entitled to recover damages' a plaintiff must not only have a cause of action but a remedy by which he can reduce his right to damages to judgment." *Brown v. Lumbermens Mut. Cas. Co.,* 285 N.C. 313, 319, 204 S.E.2d 829, 833 (1974).

The Farm Bureau policy at issue provides that "[Farm Bureau] will pay damages for bodily injury or property damage for which any insured becomes *legally responsible* because of an auto accident." (Emphasis added). Thus, assuming *arguendo* that Phillip is an insured under his father's Farm Bureau policy, the critical issue becomes whether Phillip can be held "legally responsible" for the Savages' damages arising out of the 14 April 2007 accident in light of the Covenants executed by the Savages.

Our careful examination of the Covenants reveals that the Savages are precluded from executing on any judgment obtained against Phillip. This Court has previously held that when an insurer's obligation under a policy is to pay "all sums which [the] insured shall become *legally obligated to pay*" and when the insured under that policy is given a release by the injured parties of the nature set forth in the Covenants, i.e., where the parties covenant that no judgment shall be executed against the insured, the insurer's "obligations under the policy [are] extinguished by the execution of the [covenant]." *Terrell v. Lawyers Mut. Liab. Ins. Co. of N.C.,* 131 N.C. App. 655, 661, 507 S.E.2d 923, 927 (1998) (emphasis added); *see U.S. Fid. & Guar. Co. v. Scott,* 124 N.C. App. 224, 476 S.E.2d 404 (1996); *Lida,* 116 N.C. App. 592, 448 S.E.2d 854; *Huffman v. Peerless Ins. Co.,* 17 N.C. App. 292, 193 S.E.2d 773 (1973). We discern no meaningful distinction between the phrase "legally obligated to pay" found in the policy at issue in *Terrell* and the phrase "legally responsible" found in the policy at issue in the case *sub judice. See Lida,* 116 N.C. App. at 595, 448 S.E.2d at 856 (construing the phrases "legally obligated to pay" and "legally entitled to recover" as equivalent for purposes of determining liability). As such, for purposes of the Farm Bureau policy, Phillip can no longer be held "legally responsible" by the Savages. Accordingly, even

assuming *arguendo* that Phillip is an insured under his father's Farm Bureau policy, the Savages are barred from recovering against Farm Bureau; and the trial court correctly granted summary judgment in Farm Bureau's favor on this basis.

**[2]** We note the Savages' contention that N.C. Gen. Stat. § 1-540.3 (2011) provides "guidance" on this issue. N.C. Gen. Stat. § 1-540.3 governs "advance payments" made to persons claiming bodily injuries, and, as the Savages correctly point out, provides that partial payments to a complainant in this context do not constitute a release or bar to future claims unless the terms of the settlement agreement specify otherwise. *See id.* The issue at hand, however, is not whether the settlement payments made by Allstate bar further recovery by the Savages, but, rather, whether the language set forth in the Covenants operates to bar coverage under the Farm Bureau policy as a matter of law. N.C. Gen. Stat. § 1-540.3 simply does not apply in the present case.

**[3]** We also note the Savages' contention that even if the Covenants bar coverage under the Farm Bureau policy, the fact that the parties have entered into a mediation agreement in connection with the South Carolina lawsuits "should revive any such obligations to pay." The Savages fail to cite any controlling authority in support of this contention or otherwise explain why it has merit, and we accordingly deem the issue abandoned. *See* N.C. R. App. P. 28(b)(6) (2013) (providing that an appellant's argument "shall contain citations of the authorities upon which the appellant relies").

We have carefully reviewed the Savages' remaining contentions on this issue, and we conclude that they are without merit. Moreover, because we affirm the trial court's ruling on grounds that the Covenants bar the Savages from recovering against Farm Bureau, we do not reach the additional, alternative bases for the trial court's order granting summary judgment. For the foregoing reasons, the trial court's 25 April 2012 order is hereby

AFFIRMED.

Judges CALABRIA and ERVIN concur.