JONES v. GENERAL ACCIDENT INSURANCE CO. OF AMERICA

[105 N.C. App. 612 (1992)]

---

DALE PRICE JONES, PLAINTIFF v. GENERAL ACCIDENT INSURANCE COM-
PANY OF AMERICA, DEFENDANT

No. 918SC246

(Filed 3 March 1992)

**Insurance § 69 (NCI3d) — automobile insurance — stacking — driving car with permission — person insured**

The trial court correctly recognized that plaintiff was entitled to stack UIM insurance coverage where she was injured while driving her father's car. Although not a member of her father's household or a named insured on his policy, plaintiff was driving her father's car with his permission and was a person insured under the policy and under N.C.G.S. § 20-279.21(b)(3). Once claimants establish that they are a person insured, regardless of class or status, they have the ability to stack UIM coverage.

**Am Jur 2d, Automobile Insurance § 329.**

APPEAL by defendant from an order entered 13 February 1991 by *Judge George R. Greene* in WAYNE County Superior Court. Heard in the Court of Appeals 4 December 1991.

On 7 June 1989, while driving her father's car, plaintiff was struck by a car driven by Sheila Marie Nelson. The car plaintiff was driving was insured by defendant under a policy issued to plaintiff's father, Donald Ray Price. The policy covered three other vehicles owned by Price. Each vehicle was insured with underinsured motorist coverage (UIM) of $100,000 per person and $300,000 per accident. Nelson was killed in the accident and plaintiff received various injuries. A passenger in each car was also injured. For purposes of this action the parties agreed that the accident was due to the negligence of Nelson. Nelson's car was insured by Seibels Bruce Insurance Companies with liability coverage limits of $25,000 per person and $50,000 per accident.

Plaintiff alleged injuries in excess of $100,000 as a result of her collision with Nelson. After exhausting the limits of Nelson's insurance coverage, plaintiff sought underinsured motorist coverage from defendant in the amount of $400,000. On 18 October 1990, plaintiff brought an action for declaratory judgment against defendant to determine the limits of underinsured motorist coverage available to her. Defendant answered and moved for summary judgment contending that its policy limit for underinsured motorist coverage was no greater than $100,000 under the policy covering the car which plaintiff was driving. The parties stipulated to all pertinent facts and plaintiff filed a cross-motion for summary judgment. The trial court granted plaintiff's motion and awarded plaintiff $400,000 less the amounts previously paid to plaintiff by Seibels Bruce and defendant. From the trial court's order granting plaintiff's motion for summary judgment and denying defendant's motion, defendant appeals.

*Gaskins & Gaskins, P.A., by Herman E. Gaskins, Jr. for plaintiff-appellee.*

*Smith Helms Mulliss & Moore, by Alan W. Duncan and J. Donald Hobart, Jr., for defendant-appellant.*

ORR, Judge.

The issue on appeal is whether plaintiff, an insured by virtue of her occupancy in a covered vehicle owned by her father, may

aggregate or "stack" the UIM coverage on her father's four insured vehicles covered by the policy issued by defendant.

Our courts have consistently held that N.C. Gen. Stat. § 20-279.21 establishes two classes of persons insured: (1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either and (2) any person who uses with the consent, express or implied, of the named insured, the insured vehicle, and a guest in such vehicle. *See, e.g., Crowder v. N. C. Farm Bureau Mut. Ins. Co.*, 79 N.C. App. 551, 340 S.E.2d 127, *disc. review denied*, 316 N.C. 731, 345 S.E.2d 387 (1986); *see also Sproles v. Greene*, 329 N.C. 603, 407 S.E.2d 497 (1991) (under N.C. Gen. Stat. § 20-279.21(b)(3) "persons insured" include any person who uses with the consent, express or implied, of the named insured, the insured vehicle). For UIM purposes, class one persons insured are covered even where the insured vehicle is not involved in the insured's injuries while class two persons insured are covered only when the insured vehicle is involved in the insured's injuries. *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 400 S.E.2d 44, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991).

Two recent opinions of this Court addressed the previously unanswered question of whether the ability to stack UIM coverage is available to a class two person insured. In *Nationwide Mutual Ins. Co. v. Silverman*, 104 N.C. App. 783, 411 S.E.2d 152 (1991) (filed 17 December 1991) (*pet. for. disc. review pending*), a unanimous court held that once a claimant is a "person insured" they are entitled to stack UIM coverage. This is true whether the claimant is a class one insured or a class two insured. *Id.* Likewise, the majority opinion on the stacking issue in *Leonard v. North Carolina Farm Bureau Mut. Ins. Co.*, 104 N.C. App. 665, 411 S.E.2d 178 (1991) (filed 17 December 1991) (*appeal pending*) held that stacking of UIM coverage is allowed whenever an injured party qualifies as a "person insured" under the statute. In that case, the person insured was a class two insured.

In this case it is undisputed that plaintiff, by virtue of her occupancy in a covered vehicle, is a "person insured" under the policy. Likewise, plaintiff is a "person insured" pursuant to N.C. Gen. Stat. § 20-279.21(b)(3). Although not a member of Price's household or a named insured on his policy, plaintiff was driving her father's car with his permission. Under the reasoning of the *Silverman* and *Leonard* decisions, once a claimant establishes that

he is a "person insured"—regardless of class status—he has the ability to stack UIM coverage.

In the present case, the trial court correctly recognized that plaintiff, as a "person insured," was entitled to stack the coverage from all four Price vehicles totaling $400,000. The defendant is entitled to credits of $15,000, the amount previously paid to plaintiff on behalf of the liability carrier for the underinsured motorist, and $85,000, the amount previously paid to plaintiff by defendant which represents the available underinsured motorist coverage provided by defendant on the automobile which plaintiff was driving at the time of the accident.

The decision of the trial court is

Affirmed.

Judges JOHNSON and EAGLES concur.