NATIONWIDE MUTUAL INSURANCE COMPANY v. ROBYN SILVERMAN, A MINOR CHILD, BY AND THROUGH IIER GUARDIAN AD LITEM, LEESA RADJA

No. 36PA92

(Filed 19 November 1992)

1. **Insurance § 527 (NCI4th)— UIM coverage—guest in insured vehicle—Class II insured**

   Where the injured party was merely a guest in one of the vehicles covered by an automobile insurance policy, she was a "Class II" insured for purposes of underinsured motorist (UIM) coverage.

   **Am Jur 2d, Automobile Insurance § 322.**

2. **Insurance § 528 (NCI4th)— UIM coverage—Class II insured— no intrapolicy stacking**

   The UIM coverages provided in an automobile liability policy which listed two vehicles may not be aggregated or stacked to compensate a "Class II" insured person for injuries sustained in an automobile accident since a "Class II" insured person is only entitled to the UIM coverage applicable to the vehicle she was occupying at the time of the accident. N.C.G.S. §§ 20-279.21(b)(3) and (4).

   **Am Jur 2d, Automobile Insurance §§ 322, 326, 329.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 104 N.C. App. 783, 411 S.E.2d 152 (1991), affirming an order entered by Barnette, J.,

in the Superior Court, Wake County, on 30 November 1990. Heard in the Supreme Court 11 September 1992.

*Bailey & Dixon, by Gary S. Parsons and David S. Coats, for plaintiff-appellant.*

*Taft, Taft & Haigler, by Mario E. Perez, for defendant-appellee.*

FRYE, Justice.

The issue presented in this case is whether the Court of Appeals erred in holding that the underinsured motorist (UIM) coverages provided in an automobile liability insurance policy which listed two automobiles may be aggregated or stacked to compensate a "Class II" insured person for injuries sustained in an automobile accident. The Court of Appeals concluded that a guest who is injured while riding in a motor vehicle driven by the named insured is a "person insured," and therefore entitled to stack the UIM coverages of both vehicles listed in the named insured's policy of insurance. *Nationwide Mutual Insurance Company v. Silverman,* 104 N.C. App. 783, 787, 411 S.E.2d 152, 155 (1991). However, we conclude that since a "Class II" insured person's entitlement to UIM benefits is tied to the vehicle, this "Class II" defendant is not entitled to aggregate or stack the UIM coverages of both automobiles listed in the named insured's policy. Therefore, we reverse the decision of the Court of Appeals.

On 28 July 1988, defendant was injured while a passenger in a 1985 Buick automobile owned and operated by Henry Czubek (Czubek) and insured by plaintiff, Nationwide Mutual Insurance Company (Nationwide). The passengers in the vehicle were: 1) Elsie Czubek, the wife of the driver and a resident of North Carolina; 2) Arlene Pierce, Elsie Czubek's sister and a resident of Maryland; and 3) defendant, the five-year-old granddaughter of Arlene Pierce and a resident of Maryland. At the time of the accident, Czubek's Nationwide policy covered two vehicles, the 1985 Buick involved in the accident and a 1977 Ford truck. The policy of insurance provided UIM coverage in the amount of $100,000 per person and $300,000 per accident for each vehicle listed in the policy.

The other vehicle involved in the accident was owned by James Revels and insured by an automobile liability insurance policy issued by State Auto Insurance Company (State Auto). State Auto tendered its per-accident coverage of $100,000 to all of the claimants who

were occupants of the Czubek vehicle. Defendant received $37,500 of the $100,000 paid by State Auto; however, defendant claims damages in excess of this amount.

On 4 April 1990, Nationwide commenced a declaratory judgment action "seeking a declaration of the rights, status, and relations" of Nationwide and defendant under the policy issued to Czubek. Nationwide also sought a judicial determination that only $100,000 in UIM coverage was available to defendant.

On 17 May 1990, defendant, through her guardian ad litem, filed an answer to Nationwide's complaint and asked the court to enter judgment declaring that the policy provides $200,000 UIM coverage to defendant. Subsequently, Nationwide filed a motion, pursuant to N.C.G.S. § 1A-1, Rule 12(c), for judgment on the pleadings. The motion was heard during the 16 October 1990 Session of Wake County Superior Court. Judge Henry V. Barnette, Jr., entered an order on 30 November 1990 denying plaintiff's motion and granting judgment on the pleadings for defendant. The trial court held that the UIM coverage available to defendant was $200,000. The Court of Appeals affirmed, holding:

> Once the claimant is a "person insured" the ability to stack UIM coverage is available to this claimant. There can be no artificial barriers imposed upon the privilege of stacking; once the claimant here established that she was a "person insured," then the privilege of stacking UIM coverage from both covered vehicles flowed to her. The decision of the trial court correctly recognized that Robyn Silverman, as a guest in the motor vehicle of the named insured, was a "person insured" and was entitled to stack the coverage from both Czubek vehicles totaling $200,000.

*Nationwide Mutual Insurance Company v. Silverman*, 104 N.C. App. at 787, 411 S.E.2d at 155.

Before reaching the question of whether defendant is entitled to stack the UIM coverages provided in Czubek's policy, we must first determine whether the UIM coverage for each vehicle applies to the injuries she received in the accident. If there is only one coverage, there is nothing to stack.

When trying to determine the amount of UIM coverage available to an injured party, careful attention must be given to the policy language and the applicable statutory provisions. The policy con-

NATIONWIDE MUTUAL INS. CO. v. SILVERMAN

[332 N.C. 633 (1992)]

tains definitions of certain terms used in the policy, including the following:

**"Your covered auto"** means:

1. Any vehicle shown in the Declarations.

. . . .

**"Family member"** means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.

Part D of the policy issued to Czubek addresses uninsured motorist coverage (and by virtue of an endorsement, UIM coverage) and provides in pertinent part:

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:

1. Bodily injury sustained by a covered person and caused by an accident; and

. . . .

**"Covered person"** as used in this Part means:

1. You or any **family member.**

2. Any other person **occupying:**

  a. **your covered auto;** or

  b. any other auto operated by you.

Defendant was a guest in the 1985 Buick shown in the declarations section of the Nationwide policy at the time of her accident. Therefore, the policy language clearly establishes that while riding in the Buick (a "covered auto"), defendant was a "covered person." She does not contend that she is a "family member" as that term is defined in the policy. While both the 1985 Buick and the 1977 Ford are "covered autos" under the general definitions section of the policy, defendant was only *occupying* the Buick automobile at the time of the accident. Therefore, only the UIM coverage on the Buick is available to her under the policy language. This coverage is $100,000 per person.

NATIONWIDE MUTUAL INS. CO. v. SILVERMAN

[332 N.C. 633 (1992)]

The applicable statutory provisions are N.C.G.S. § 20-279.21(b)(3) and (4).[1] "Persons insured" is defined in N.C.G.S. § 20-279.21(b)(3) which addresses UM coverage as follows:

> For purposes of this section "persons insured" means the named insured and, while a resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and *a guest in such motor vehicle to which the policy applies* or the personal representative of any of the above or any other person in lawful possession of such motor vehicle.

N.C.G.S. § 20-279.21(b)(3) (1989) (emphasis added). This definition of "persons insured" is incorporated by reference in N.C.G.S. § 20-279.21(b)(4) which addresses UIM coverage. Therefore, the definition of "persons insured" set forth in § 20-279.21(b)(3) applies to both UM and UIM coverage.

The applicable statute establishes that defendant was a "person insured," since she was a guest in a vehicle listed in the policy. However, it is clear that N.C.G.S. § 20-279.21(b)(3) establishes two classes of "persons insured": 1) the named insured and, while resident of the same household, the spouse of the named insured and relatives of either, and 2) any person who uses with the consent, expressed or implied, of the named insured, the insured vehicle, and a guest in such vehicle. *Sproles v. Greene*, 329 N.C. 603, 608, 407 S.E.2d 497, 500 (1991); *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 143, 400 S.E.2d 44, 47 (1991).

The first class of insured persons is referred to as "Class I" insureds and includes the named insured, and while resident of the same household, the spouse of the named insured and relatives of either. *Id.* In the instant case, the injured party was not a named insured or spouse, and she was not a family member residing in Czubek's household at the time of the accident. Therefore, she was not a "Class I" insured.

---

1. N.C.G.S. § 20-279.21 was amended by the General Assembly in 1991. 1991 N.C. Sess. Laws ch. 646, §§ 1-4. However, the amendments do not affect claims arising or litigation pending prior to the amendments. *Id.* § 4. Unless otherwise noted, any citation to or discussion of N.C.G.S. § 20-279.21 in this opinion will be with respect to that version of the statute in effect at the time of the accident.

NATIONWIDE MUTUAL INS. CO. v. SILVERMAN

[332 N.C. 633 (1992)]

**[1]** The second class of insured persons is referred to as "Class II" insureds and includes any person who uses with the consent, expressed or implied, of the named insured, the insured vehicle, and a guest in such vehicle. *Sproles v. Greene*, 329 N.C. at 608, 407 S.E.2d at 500; *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. at 143, 400 S.E.2d at 47. In the instant case, the injured party was merely a guest in one of the covered vehicles. Therefore, she was a "Class II" insured.

**[2]** This Court has held that "Class II" insureds are not entitled to the same UIM coverage as "Class I" insureds. *Sproles v. Greene*, 329 N.C. at 610, 407 S.E.2d at 500. Persons who are "members of the second class are 'persons insured' for the purposes of UM and UIM coverage only when the insured vehicle is involved in the insured's injuries." *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. at 143, 400 S.E.2d at 47. Hence, the UIM coverage available to "Class II" insureds is tied to the vehicle occupied by the injured person at the time of the accident.

Defendant was a passenger in Czubek's 1985 Buick when she sustained her injury. Czubek has UIM coverage for the Buick in the amount of $100,000. As a "Class II" person insured, defendant is only entitled to the UIM coverage applicable to the vehicle she was occupying at the time of the accident. The UIM coverage provided for Czubek's 1977 Ford truck is not applicable to this defendant, a "Class II" insured person, because she was not injured while occupying the Ford truck. Thus, defendant has no coverage under this portion of the policy to stack with the UIM coverage on the Buick.

We conclude therefore that under both the policy language and the applicable statutory provisions, the UIM coverage available to defendant in this case is limited to $100,000. The decision of the Court of Appeals to the contrary must be reversed.

REVERSED.