BAILEY v. NATIONWIDE MUTUAL INS. CO.

[333 N.C. 458 (1993)]

DANIEL JOEL BAILEY AND LINDA FAY SHULER v. NATIONWIDE MUTUAL
INSURANCE COMPANY

No. 218PA92

(Filed 12 March 1993)

**Insurance § 528 (NCI4th) — automobile insurance — named driver — injuries while passenger — Class II insured — no stacking of UIM coverages of insured vehicles**

A person who was named in an automobile policy as a driver and lived in the same household with the insured but was not married or related to the insured and who was injured while a passenger in a vehicle covered by the policy was a Class II insured who could not stack the underinsured motorist coverages on the two vehicles covered by the policy.

**Am Jur 2d, Automobile Insurance § 322.**

**Who is "member" or "resident" of same "family" or "household," within no-fault or uninsured motorist provisions of motor vehicle insurance policy. 96 ALR3d 804.**

On discretionary review pursuant to N.C.G.S. § 7A-31, from a decision of the Court of Appeals, 106 N.C. App. 225, 415 S.E.2d 769 (1992), reversing and remanding a judgment entered by Allen (C. Walter), J., in the Superior Court, Buncombe County, on 7 March 1991. Heard in the Supreme Court 17 February 1993.

On 27 August 1988, plaintiff Bailey was driving his 1978 Harley-Davidson motorcycle and plaintiff Shuler was riding as a passenger. The motorcycle being driven by plaintiff Bailey was struck by a vehicle driven by John Wallace Vestal and owned by Tom Ray Vestal. The liability carrier for the Vestal vehicle tendered its $100,000 limit to the plaintiffs for bodily injury sustained by plaintiff Shuler.

The plaintiffs, alleging Shuler's damages to be in excess of $100,000, filed this declaratory judgment action for a determination of plaintiff Shuler's right to stack underinsured motorist coverage contained in plaintiff Bailey's policy of insurance. The policy, issued by defendant Nationwide, covered two vehicles owned by plaintiff Bailey, a 1988 Chevrolet and a 1978 Harley-Davidson motorcycle. The defendant provided underinsured motorist coverage for bodily injury for each covered vehicle in the amount of $100,000 per person

BAILEY v. NATIONWIDE MUTUAL INS. CO.

[333 N.C. 458 (1993)]

and $300,000 per accident. The policy provided such underinsured coverage as follows: to plaintiff Bailey as the named insured, to the spouse of the named insured if she resides in the same household, to any person related to Bailey by blood, marriage or adoption who was also a resident of Bailey's household, and to any person occupying one of Bailey's covered vehicles at the time of injury. Plaintiff Linda Fay Shuler, who is unrelated to Bailey, was living with Bailey at the time of the accident.

The superior court granted defendant Nationwide's motion for summary judgment. The Court of Appeals reversed and remanded for entry of judgment in favor of plaintiffs. We allowed discretionary review.

*Bazzle, Carr & Gasperson, P.A., by Ervin W. Bazzle, for plaintiff appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown, for defendant appellant.*

WEBB, Justice.

The question in this case is whether the plaintiff Linda Fay Shuler may stack the underinsured motorist coverages in Mr. Bailey's policy. We hold she cannot.

In *Nationwide Mutual Ins. Co. v. Silverman*, 332 N.C. 633, 423 S.E.2d 68 (1992), which involved facts substantially the same as the facts in this case, we held that a Class II insured could not stack underinsured motorist coverage. A Class II insured is a person who uses an insured vehicle with the consent of the named insured or a guest in such vehicle. A Class I insured is the named insured and, while residing in the same household, the spouse of the named insured and relatives of either.

If Linda Fay Shuler is a Class II insured she cannot stack the two coverages in Mr. Bailey's policy. She contends she is a Class I insured because she was named in the policy as a driver of the vehicle and she lives in the household with the insured. Neither the policy nor the statute, N.C.G.S. § 20-279.21(b)(3), provides that living in the household with the insured without being married to the insured or related to the insured or to the spouse of the insured or being listed on the policy as a driver of the vehicle makes a person a Class I insured. Linda Fay Shuler is

BAILEY v. NATIONWIDE MUTUAL INS. CO.

[333 N.C. 458 (1993)]

a Class II insured and cannot stack the coverages in Mr. Bailey's policy.

For the reasons stated in this opinion, we reverse and remand to the Court of Appeals for further remand to the Superior Court, Buncombe County, for a judgment consistent with this opinion.

REVERSED AND REMANDED.