JUANITA J. TERRELL, PLAINTIFF v. LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA, DEFENDANT

No. COA97-1012

(Filed 15 December 1998)

**1. Attorneys— attorney malpractice—settlement—action against insurer**

The trial court was unable to dismiss plaintiff's complaint based solely on N.C.G.S. § 1A-1, Rule 12(b)(6) where an attorney had settled a malpractice claim and the client, plaintiff here, agreed to execute only against the attorney's insurance policy. Liberally construing the complaint, it cannot be said that plaintiff is unable to prove sufficient facts to support any of her allegations and entitle her to relief; for example, an action arising out of contract can be assigned and the assignee may bring a breach of contract action.

**2. Civil Procedure— judgment on the pleadings—settlement—action against insurance policy—policy attached to answer—no third party interest**

The trial court did not err by dismissing plaintiff's claims under N.C.G.S. § 1A-1, Rule 12(c) where plaintiff had filed a malpractice claim against her attorney, settled with the attorney, agreed to execute only against his insurance policy, and filed this

action accordingly. A copy of the policy was attached to the amended answer as an exhibit and became part of the pleadings; the attorney's interest in the policy and any coverage or benefits are not assignable under the terms of the policy. Moreover, the allegations of bad faith in the present action make any tort claim personal to the attorney and unassignable, and plaintiff lacks standing to seek a declaratory judgment in that she sought to have the court construe a contract to which she was not a party. Also, the confession of judgment obtained by plaintiff against the attorney is not a judgment that defendant-insurer is legally obligated to pay under the policy because the insurer's liability is derived from the insured, who is protected by a covenant not to execute. Finally, defendant's obligations under policy do not extend to the settlement and confession of judgment because it was not a party to the settlement and the obligation was not determined at an actual trial.

Appeal by plaintiff from order filed 20 May 1997 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 30 March 1998.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr., for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Johnny M. Loper and Christine Sandez, for defendant-appellee.*

SMITH, Judge.

Plaintiff appeals from the trial court's order dismissing her complaint.

On 9 May 1995, plaintiff brought suit against attorney Mark D. Hockman (Hockman), asserting legal malpractice in his handling of her medical malpractice claim. At that time, Hockman had a professional liability insurance policy (policy) with defendant Lawyers Mutual Liability Insurance Company of North Carolina.

On 22 July 1996, defendant withdrew Hockman's liability coverage and terminated the defense for "Hockman's failure to perform a condition precedent to continued coverage under the policy." Thereafter, Hockman and plaintiff entered into a memorandum of settlement in which Hockman agreed to confess judgment in the amount of $75,000, and plaintiff agreed to execute such judgment only against

the policy. Additionally, Hockman assigned any rights he had against defendant under the policy or under tort law to plaintiff. On 25 September 1996, the confession of judgment was entered against Hockman in the amount of $75,000.

On 30 January 1997, plaintiff filed suit against defendant alleging that, as Hockman's assignee, she was entitled to recover against defendant for defendant's alleged breach of contract with Hockman or for any tort rights that Hockman had against defendant. In addition, plaintiff also sought a declaratory judgment declaring that "a valid and enforceable contract of liability insurance existed between the defendant and Mark D. Hockman for which to pay the settlement and Judgment of the plaintiff."

Defendant filed its amended answer on 15 April 1997, denying the material allegations of the complaint and setting forth affirmative defenses. Defendant attached to the amended answer, as an exhibit, a copy of the insurance policy issued to Hockman. Also, on 15 April 1997, defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

After a hearing on defendant's motion, the trial court dismissed plaintiff's complaint in an order filed 20 May 1997. Specifically, the trial court held that defendant was entitled to a dismissal of plaintiff's claims pursuant to Rule 12(b)(6)

> or alternatively, to the extent that in reaching its determination on Lawyers Mutual's motion the Court considered the policy of insurance attached as Exhibit A to the Amended Answer of Lawyers Mutual and the Court determined, in its discretion, to treat Lawyers Mutual's motion as one for judgment on the pleadings, Lawyers Mutual is entitled to judgment on the pleadings under North Carolina Rules of Civil Procedure 12(c) and 10(c).

On appeal, plaintiff contends the trial court erred by dismissing plaintiff's complaint under Rule 12(b)(6) or alternatively, in the trial court's discretion, under Rule 12(c).

We first note plaintiff failed to refer to the assignments of error following the statement of the questions presented as required by Rule 28(b)(5) of the North Carolina Rules of Appellate Procedure and, therefore, these assignments of error may be deemed abandoned. N.C.R. App. P. 28(b)(5); *see Hines v. Arnold,* 103 N.C. App. 31, 37, 404 S.E.2d 179, 183 (1991). However, "[t]o prevent manifest injus-

TERRELL v. LAWYERS MUT. LIAB. INS. CO.

[131 N.C. App. 655 (1998)]

tice," we deem it appropriate, pursuant to Rule 2, to dispose of the appeal on the merits. N.C.R. App. P. 2.

[1] Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), the trial court may dismiss a claim for "[f]ailure to state a claim upon which relief can be granted." A complaint, however, should not be dismissed unless the party is not entitled to any relief under any state of facts that could be presented in support of the claim. *See Newton v. Insurance Co.*, 291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976). "In analyzing the sufficiency of the complaint, the complaint must be liberally construed." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

In the present case, the trial court was unable to dismiss plaintiff's complaint based solely on Rule 12(b)(6) because the complaint, when liberally construed, did not fail to state "a claim upon which relief [could] be granted." N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990). Specifically, plaintiff claimed in her complaint that she was "the assignee of Mark D. Hockman under any rights which Mark D. Hockman [had] against Lawyers Mutual Insurance Company." Plaintiff further maintained these rights included "the right[] to compel Lawyers Mutual Insurance Company to pay a Confession of Judgment, or settlement, in the amount of $75,000."

As the assignee of Mark D. Hockman . . ., the plaintiff allege[d] . . .

(a) Defendant Lawyers Mutual Insurance Company owe[d] a contractual duty to pay the settlement reached at mediation [between Hockman and plaintiff], and subsequent Confession of Judgment in the amount of $75,000 plus costs and interest, to [plaintiff];

(b) The defendant Lawyers Mutual Insurance Company acted in bad faith towards Mark D. Hockman by defending 95 CvS 2757 in bad faith, thereby creating a deductible which he was required to pay but could not currently pay;

(c) By providing legal representation and insurance coverage from and to July 22, 1996, just prior to the scheduled trial date, and then abruptly withdrawing legal representation and insurance coverage on a pretext that Mark D. Hockman could not, or would not, pay the deductible in the insurance contract between defendant and Mark D. Hockman, the defendant acted in bad faith;

(d) That Mark D. Hockman has insurance coverage from Lawyers Mutual for the settlement and Judgment in 95 CvS 2757 under its contract of insurance, and plaintiff hereby requests that the Court declare such insurance in force, valid, and payable to the plaintiff in the amount of the Judgment and settlement.

Additionally, plaintiff claimed that Lawyers Mutual's conduct was "unreasonable, willful, and outrageous" and "entitl[ed] the plaintiff to an award of punitive damages through the contractual and tort rights of Mark D. Hockman which [were] assigned to the plaintiff."

Based on these allegations and the facts in the case, plaintiff requested the trial court to find that "she . . . recover judgment against the defendant for compensatory and punitive damages . . .,declare that a valid and enforceable contract of liability insurance existed between defendant and Mark D. Hockman and that the plaintiff's settlement and Judgment against defendant is payable in the full amount . . . ."

Liberally construing the complaint pursuant to Rule 12(b)(6), we cannot say that plaintiff is unable to prove sufficient facts to support any of her allegations and entitle her to some relief from defendants. For example, "[a]n action 'arising out of contract' generally can be assigned[]" and the assignee may bring a breach of contract action. *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 268, 468 S.E.2d 856, 858 (quoting N.C. Gen. Stat. § 1-57 (1983)), *disc. review denied*, 343 N.C. 511, 472 S.E.2d 8 (1996).

[2] The trial court, however, under Rule 12(c) of the North Carolina Rules of Civil Procedure, may consider the formal pleadings in a case and " 'dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit.' " *Town of Bladenboro v. McKeithan*, 44 N.C. App. 459, 460, 261 S.E.2d 260, 261 (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 136-37, 209 S.E.2d 494, 499 (1974)), *disc. appeal dismissed*, 300 N.C. 202, 282 S.E.2d 228 (1980). Judgment on the pleadings, pursuant to Rule 12(c), is appropriate " 'when all the material allegations of fact are admitted in the pleadings and only questions of law remain.' " *Id.* (quoting *Ragsdale*, 286 N.C. at 136-37, 209 S.E.2d at 499). The trial court must " 'view the facts and permissible inferences in the light most favorable to the non-moving party[],' " taking all well-pleaded factual allegations in the non-moving party's pleadings as true. *Id.* at 461, 261 S.E.2d at 262 (quoting *Ragsdale*, 286 N.C. at 136-37, 209 S.E.2d at 499).

When ruling on a motion for judgment on the pleadings, the trial court "is to consider only the pleadings and any attached exhibits, which become part of the pleadings." *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867, *disc. review denied*, 312 N.C. 495, 322 S.E.2d 558 (1984). Pursuant to Rule 10(c) of the North Carolina Rules of Civil Procedure, "any written instrument which is an exhibit to a pleading" is part of the pleadings in the case for all purposes. N.C. Gen. Stat. § 1A-1, Rule 10(c) (1990); *see Sale v. Johnson, Commissioner of Revenue*, 258 N.C. 749, 758, 129 S.E.2d 465, 471 (1963) (holding that an exhibit "attached to the answer, and made a part thereof, may be considered in passing upon a judgment on the pleadings").

At the outset, we note the parties stipulate in their briefs that defendant "urged [the trial court] to consider dismissal of the case under Rule 12(c) . . . ." Plaintiff cannot claim she was prejudiced by the trial court's decision to dismiss the action because she received the pleadings, which included defendant's answer and the insurance policy issued to Hockman, two weeks prior to the hearing and the trial court could have applied Rule 12(c) *sua sponte. See Nationwide Mutual Ins. Co. v. Silverman*, 104 N.C. App. 783, 787, 411 S.E.2d 152, 155 (1991), *overruled on other grounds*, 332 N.C. 633, 423 S.E.2d 68 (1992).

Viewing the facts and permissible inferences under Rule 12(c) in the light most favorable to plaintiff and taking plaintiff's factual allegations as true, plaintiff's claims against defendant arising out of contract are barred because any rights of Hockman under the policy cannot be assigned. The insurance policy in the instant action states, "The interest of any Insured in this policy is not assignable." Under the terms of the policy, Hockman's interest in the policy and any coverage or benefits that otherwise might exist are not assignable.

Likewise, plaintiff's tortious bad faith claim is barred. "[A]ssignments of personal tort claims are void as against public policy . . . ." *Horton*, 122 N.C. App. at 268, 468 S.E.2d at 858. The allegations of bad faith in the present action make any tort claim personal to Hockman. *See id.* As a result, any tort claims by Hockman against defendant are unassignable.

Plaintiff also lacks standing to seek a declaratory judgment. One who seeks to have a written contract construed by way of declaratory judgment must first have an interest thereunder. *See* N.C. Gen. Stat. § 1-254 (1996); *Town of Nags Head v. Tillett*, 68 N.C. App. 554, 557,

315 S.E.2d 740, 742 (1984), *affirmed in part and rev'd in part on other grounds*, 314 N.C. 627, 336 S.E.2d 394 (1985). Absent an enforceable contract right, an action for declaratory relief to construe or apply a contract will not lie. *See* 26 C.J.S. *Declaratory Judgments* § 54, at 151 (1956); *Farthing v. Farthing*, 235 N.C. 634, 635, 70 S.E.2d 664, 665 (1952) (maintaining the "Declaratory Judgment Act . . . is designed to provide an expeditious method of procuring a judicial decree construing . . . written instruments and declaring the rights and liabilities of parties thereunder").

In the instant action, plaintiff sought to have the trial court construe a contract to which she was not a party. Because the policy cannot be assigned, plaintiff is not a person who is or can be "interested . . . under [the] contract." N.C. Gen. Stat. § 1-254 (1996).

Even if plaintiff had standing to seek a declaratory judgment, plaintiff's claim nonetheless fails because the confession of judgment obtained by plaintiff against Hockman is not a judgment that defendant is "legally obligated to pay" under the terms of the policy. The obligation of defendant is to pay "all sums which [the] insured shall become legally obligated to pay." Because an insurance company's liability is derivative in nature, "its liability depends on whether or not its insured is liable to the plaintiff." *Lida Manufacturing Co. v. U.S. Fire Ins. Co.*, 116 N.C. App. 592, 595, 448 S.E.2d 854, 856 (1994). As a result, "when an insurance policy contains language such as 'legally obligated to pay,' an insurer has no obligation to an injured party where the insured is protected by a covenant not to execute." *Id.* at 596, 448 S.E.2d at 857.

In the instant case, plaintiff agreed to execute her judgment against the policy rather than against the insured, Hockman. Therefore, plaintiff's claim is barred because Hockman is not "legally obligated to pay" plaintiff for any damages based on breach of contract or otherwise. Defendant's obligations under the policy were extinguished by the execution of the Memorandum of Settlement, if not before.

In addition, in reviewing the policy, we note it provides "[n]o action shall lie against the Company . . . until the amount of the Insured's obligation to pay shall have been finally determined either by final judgment against the Insured after actual trial or by written agreement of the Insured, the claimant *and the Company*." (Emphasis added.) Because Hockman's obligation to plaintiff was not determined after an actual trial and defendants were not a party to the

STAMEY v. N.C. SELF-INSURANCE GUAR. ASS'N

[131 N.C. App. 662 (1998)]

memorandum of settlement in which Hockman agreed to execute a confession of judgment, defendants are not "legally obligated to pay" plaintiff any damages. Put simply, defendant's obligations under the policy do not extend to the execution of the memorandum of settlement and the subsequent confession of judgment. Accordingly, plaintiff's contentions are without merit.

After carefully reviewing plaintiff's remaining assignments of error, we determine they are without merit.

Affirmed.

Judges WALKER and McGEE concur.